FILED'10 JUL 2 14:11 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KENNETH ARNETTE,

         Plaintiff,

v.

SOUTHERN OREGON UNIVERSITY, et al.,

         Defendants.

Case No. CV 1:10-cv-3025-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge:

Plaintiff filed a suit against Defendant Southern Oregon University (SOU), and Defendants Josie Wilson, Paul Stienle, Mary Russell-Miller, and Michael J. Naumes, employees of SOU, in their official and personal capacities. Plaintiff seeks monetary damages under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117(a). This court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendants move to dismiss (#4), asserting the defense of Eleventh Amendment immunity. Plaintiff has not responded to Defendants' motion.[1] Defendants' motion should be granted.

---

[1] In a June 17, 2010, letter to the court, defense counsel represents that Plaintiff filed an action in state court on May 5, 2010, alleging the same claim as alleged in this case.

REPORT & RECOMMENDATION          1

I.  DISCUSSION

Plaintiff claims SOU and the individual Defendants fired him for his disability in violation of the ADA. Defendants move to dismiss on the ground of Eleventh Amendment immunity. Plaintiff does not assert the State has waived immunity.

### A. The Eleventh Amendment Bars Plaintiff's Claims against Defendant Southern Oregon University.

Under the Eleventh Amendment states are immune from suit under federal law unless that immunity has been validly abrogated by Congress or they have waived immunity. See Seminole Tribe v. Florida, 517 U.S. 44, 59, 67-68 (1996). Eleventh Amendment immunity extends to states and arms of the state. N. Ins. Co. v. Chatham County, 547 U.S. 189, 193 (2006) (citing Alden v. Maine, 527 U.S. 706, 740 (1999)). Plaintiff's complaint acknowledges that SOU is operated by the State of Oregon. (Compl. ¶ 3.) SOU is an "arm of the state." Harrell v. S. Or. Univ., Civil No. 08-3037-CL, 2009 U.S. Dist. LEXIS 9478, at *1 (D. Or. Feb. 9, 2009). Therefore, SOU receives Eleventh Amendment immunity. See also Rounds v. Or. State Bd. of Higher Educ., 166 F.3d 1032, 1035 (9th Cir. 1999) (concluding the University of Oregon receives Eleventh Amendment immunity). The ADA does not abrogate a state's immunity. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 360 (2001). Because Defendant SOU is immune from suit under the Eleventh Amendment, Plaintiff's claims against it should be dismissed.

### B. Plaintiff Has No Legal Basis For Claims Against Individual Defendants

Individuals may not be held liable under the ADA. Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1038 (9th Cir. 2006). Therefore, Plaintiff's action could only be maintained against the individual defendants in their official capacity. State officials may be sued in their

official capacity for injunctive relief. *Ex parte* Young, 209 U.S. 123, 155-56 (1908). However, Plaintiff does not meet this requirement, as he does not request injunctive relief. Nor has he requested leave to amend to add such claims. Congress has not abrogated Eleventh Amendment immunity with the ADA. See supra. Plaintiff states no valid claims of relief against the Defendants in their individual capacity and they are entitled to Eleventh Amendment Immunity in their official capacity. Therefore, the claims against them should be dismissed.

## II.   RECOMMENDATION

The court recommends that Defendants' motion to dismiss (#4) be granted, that this action be dismissed, and that judgment be entered accordingly.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by July 20, 2010. If objections are filed, any response to the objections are due by August 9, 2010,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

//

DATED this \_\_2\_\_ day of July 2010.

_____
MARK D. CLARKE
United States Magistrate Judge